IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE E. ROBINSON, ) <br> Individually and on behalf of others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOTERIA LOSS PREVENTION ) <br> FIRM, INC. and ) <br> WOODROW TILLERY, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO.: _____ <br><br><br> JURY TRIAL REQUESTED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Willie E. Robinson, individually and on behalf of others similarly situated, and files this lawsuit against Defendants Soteria Loss Prevention Firm, Inc. and Woodrow Tillery (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for

1

Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Soteria Loss Prevention Firm, Inc. is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's multiple work locations in the Atlanta metro area. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## III. Parties

*Plaintiffs*

6.

Plaintiff was a resident of the State of Georgia during the relevant time period.

7.

Plaintiff was employed as a security officer by Defendants during the three years prior to the filing of this lawsuit.

8.

Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. §216(b).  Plaintiff's signed consent form is filed with this Court contemporaneously with this Complaint.  Should additional plaintiffs join this action, their signed consent forms will be timely filed with this Court.

*Proposed Collective Definition*

9.

"Plaintiff and others similarly situated" (the "FLSA Collective") is defined as all persons who work or have worked for Defendants as security officers who have worked unpaid hours and/or unpaid overtime hours within the three years prior to the filing of this lawsuit and up to the entry of judgment in this case.

*Defendants*

10.

Defendant Soteria Loss Prevention Firm, Inc. LLC may be served with process by delivering a copy of the summons and complaint to its registered agent, Woodrow Tillery, 2001 Martin Luther King, Jr. Drive, #302, Atlanta, Georgia 30310.

11.

Defendant Woodrow Tillery may be served with process by delivering a copy of the summons and complaint to his office address at 2001 Martin Luther King, Jr. Drive, #302, Atlanta, Georgia 30310.

### IV. Factual Allegations

12.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

13.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

14.

Defendants employed the named Plaintiff during the relevant time period.

15.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

16.

Defendant Soteria Loss Prevention Firm, Inc. LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

17.

Defendant Woodrow Tillery is the CEO of Soteria Loss Prevention Firm, Inc. LLC

18.

Defendant Tillery had discretion over Plaintiff's working hours and overtime compensation.

19.

Defendant Tillery acts both directly and indirectly in the interest of Soteria Loss Prevention Firm, Inc. LLC and was in a supervisory position over Plaintiff.

20.

Soteria Loss Prevention Firm, Inc. LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

21.

Defendant Tillery is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

22.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

23.

Plaintiff started working at Soteria in June 2010 as a security guard.

24.

Plaintiff worked for multiple clients on multiple shifts each week and generally earned wages of $8.50 per hour, all paid as straight time.

25.

Plaintiff worked an average of 84 hours per week, and he was not paid any overtime premium for the hours worked over 40 per week.

26.

Plaintiff left the company on January 2, 2016.

27.

Under the FLSA three year statute of limitations, Plaintiff is entitled to recover the additional half-time premium for all of his unpaid overtime hours, liquidated damages in an equal amount, and attorney's fees.

28.

Plaintiff worked approximately 5,808 hours of overtime between June 2013 and January 2016 (132 weeks x 44 hours per week), and the total overtime pay

owed to him for that period is $24,684.00 ($8.50 x 0.5 x 5,808 hours).

29.

Based on his good faith estimate, Plaintiff is also owed an equal amount in FLSA mandated liquidated damages for a total of $49,368.00.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

36.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

37.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff and the FLSA Collective respectfully requests that this Court:

(A)  Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff and the FLSA Collective unpaid overtime wages pursuant to the FLSA § 7, 29 U.S.C. § 207, liquidated

damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D) Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 13th day of June, 2016.

**THE SHARMAN LAW FIRM LLC**

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff